# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. J. McCLOUD,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MARTIN D. BITER,<br><br>　　　　　Respondent. | 1:11-cv-01641-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 28, 2011, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On October 11, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 5).

　　　　Petitioner alleges that he is in custody of Kern Valley State Prison, but provides no further information regarding the nature of his conviction or the length of his sentence. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner argues that two prison correctional officers have "put out a contract hit" on Petitioner and, in conjunction with inmates recruited by those prison officers, are engaged in a retaliatory

1

conspiracy to injury or kill Petitioner. (Doc. 1, p. 4). Petitioner alleges that one correctional officer, Constance Waddle, paid Petitioner to assault various inmates, that Waddle was aware Petitioner took medication to "help to control my violent nature," that internal affairs officers in the prison became of aware of Waddle's use of Petitioner and sought to have Petitioner work for internal affairs to help them obtain proof against Waddle, and that Petitioner did indeed severely injure an inmate named Flores at Waddle's request while working for internal affairs officers. (Id., p. 5). Petitioner contends that, as a result of these circumstances, his life is now in danger. (Id., p. 6). Petitioner requests various injunctive relief against those he claims are bent on harming him, as well as an immediate transfer to the Richard J. Donovan prison facility in order to minimize the threat to Petitioner's safety. (Id., p. 7).

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that prison correctional officers are engaged along with certain inmates in a pattern of retaliation against Petitioner that threatens his life as a

result, apparently, of Petitioner's own actions in accepting money from a correctional officer to assault other inmates. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Petitioner is advised that, should he wish to pursue his claims, he may do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

4. The Court DECLINES to issue a certificate of appealability in this case.

IT IS SO ORDERED.

Dated:  **October 19, 2011**                                **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE